IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMESHA PARKER, | |
| Plaintiff, | **8:25CV505** |
| v. | |
| CASEY'S GENERAL STORES, INC., RIKKI CASAREZ, CHRISTOPHER WULF, and JOHN DOE, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Tamesha Parker ("Parker") filed this action *pro se* in the District Court of Douglas County, Nebraska, ("state court") on June 17, 2025, asserting a federal claim under 42 U.S.C. § 1981 and related state-law claims against defendants Casey's General Stores, Inc. ("Casey's"), Rikki Casarez ("Casarez"), Christopher Wulf ("Wulf"), and John Doe[1] (together, the "defendants"). The defendants removed the case to this Court on August 19, 2025 (Filing No. 1), pursuant to 28 U.S.C. §§ 1441 and 1446.

Before the Court is the defendants' Amended Motion to Dismiss (Filing No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." For the reasons below, the Court grants the motion as to Parker's § 1981 claim and declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3).

---

[1]The defendants represent, and Parker does not dispute, that "John Doe" is James McCartney ("McCartney"). McCartney was properly served and has appeared through counsel (Filing Nos. 1-2, 1-3). The Clerk of Court is directed to amend the docket to reflect the identification of James McCartney as John Doe.

1

## I.    BACKGROUND[2]

Parker is a black woman who lives in Omaha, Nebraska.  Casey's is a corporation that operates a chain of gas stations and convenience stores throughout the midwest, including the Omaha location at issue in this case (the "store").  Casarez, Wulf, and McCartney are Casey's employees who worked at the store during the events described below.  Parker alleges she is a regular customer at the store and is familiar with some of its employees, including Casarez and Wulf.

On an unknown date[3], Parker visited the store to make a routine purchase.  While waiting in line at the counter, she observed a white customer purchase similar items without being asked to provide identification.  When it was Parker's turn, the cashier, McCartney, asked for her identification despite allegedly knowing Parker and her age.  Parker questioned the inconsistency, and an argument ensued between Parker and McCartney.

During the exchange, McCartney became agitated, pointed his finger in her face, and began shouting.  Casarez intervened attempting to de-escalate the situation, but McCartney continued yelling.  Ultimately, Casarez refused to complete the sale due to the disruption, leaving Parker in tears and empty-handed.

Days later, Parker returned to the store where Casarez apologized and acknowledged that the conduct was inappropriate.  Casarez also admitted that McCartney justified his actions by claiming Parker "smelled like weed."  In Parker's view,

---

[2]The background facts are taken from Parker's state-court complaint (Filing No. 1-1). When evaluating a Rule 12(b)(6) motion, the Court "take[s] as true the well-pleaded facts in the plaintiff's complaint," *Stanley v. City of Sanford*, 606 U.S. 46, 49 (2025), and draws reasonable inferences in the plaintiff's favor, *see Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024).

[3]Parker fails to establish a specific date—or even general time frame—for the underlying events in this case, and the Court cannot reasonably infer a date from the complaint or the parties' other filings. While significant, this omission is not dispositive because the complaint itself does not show that it is time-barred. *See Weatherly v. Ford Motor. Co.*, 994 F.3d 940, 942-43 (8th Cir. 2021).

2

McCartney's justification is racially charged and defamatory. Parker alleges she has suffered embarrassment, humiliation, anxiety, and emotional trauma because of this incident. Parker seeks compensatory damages, punitive damages, injunctive relief, and an award of fees and costs.

On August 19, 2025, the defendants removed the case to this Court based on federal-question jurisdiction arising from the § 1981 claim. Parker objected to the removal (Filing No. 11) and moved to remand (Filing No. 12) the case back to state court. Both Parker's objection and motion to remand were denied (Filing No. 16). The defendants now move to dismiss (Filing No. 7) the case under Rule 12(b)(6).

## II.    DISCUSSION

### A.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Without more, mere "'labels and conclusions', or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement" are insufficient. *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678.).

Because Parker is proceeding *pro se*, the Court construes her complaint liberally and holds it to a "less stringent standard[ ] than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberal construction means that if the "essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint" so that it is "considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). The Court is obligated "to examine the complaint to determine if the allegations provide for relief on any possible theory." *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).  However, the Court does not supply missing factual allegations or rewrite a complaint to state a claim.  *See Stone*, 364 F.3d at 914.  A *pro se* plaintiff must still allege facts that satisfy the plausibility standard and comply with applicable rules.  *Id.*

### B.      42 U.S.C § 1981

Section 1981 "protects the equal rights of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)).  The right "to make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).  These protections extend to routine purchases from any business open to the public.  *See Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958, 963 (8th Cir. 2011) (recognizing that § 1981 applies in the retail context when shoppers attempt to purchase goods).

To be successful under § 1981, a "plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).  The Supreme Court has made clear that but-for causation is an essential part of § 1981 claims, and allowing for less-stringent causation standards, even at the motion to dismiss stage, is inappropriate.  *See Id.* at 336-37, 340-41 (rejecting the application of both a "motivating factor" test and the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to survive a motion to dismiss).

The Eighth Circuit uses a four-part framework in evaluating § 1981 claims. *Gregory v. Dillard's Inc.*, 565 F.3d 464, 469 (8th Cir. 2009) (en banc).  To state a claim, Parker must plausibly allege (1) she is a member of a protected class; (2) the defendant intended to discriminate against her on the basis of race; (3) she was engaged in a protected

activity (i.e., attempting to make or enforce a contract); and (4) the defendant interfered with the protected activity. *See*, *e.g.*, *id.*; *Green v. Dillard's Inc.*, 483 F.3d 533, 538 (8th Cir. 2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). The defendants concede—at least for purposes of this motion—that Parker has adequately pleaded the first, third, and fourth elements (Filing No. 8). Therefore, the Court turns to the second element, discriminatory intent.

### C.   Discriminatory Intent

The claims against Casarez and Wulf fail at the outset because the complaint alleges no facts showing that either independently engaged in conduct prohibited by § 1981. *See Ellis v. Houston*, 742 F.3d 307, 327 (8th Cir. 2014) (Loken, J. concurring) (explaining that personal liability under § 1981 "requires proof of intentional discrimination *by that defendant*" (emphasis in original)). Parker's § 1981 theory is strongest as to McCartney, and her claim against Casey's depends on McCartney's conduct at the register and Casey's alleged ratification of, or failure to address that conduct. *See Green*, 483 F.3d at 540-41 (finding that an employer can be found directly liable for harm caused by a non-supervisory employee under negligence and agency principles). Therefore, the dispositive issue is whether Parker plausibly alleges that race was the reason for McCartney's conduct.

To survive the motion to dismiss, Parker must allege facts supporting a reasonable inference that McCartney acted with discriminatory intent and that, but for Parker's race, he would not have interfered with her attempted purchase. *See Comcast Corp.*, 589 U.S. at 341; *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023). Allegations that amount to no "more than a sheer possibility" of unlawful conduct, or that "are merely consistent with a defendant's liability," do not state a plausible claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). Parker has not met that standard here. Her complaint is "flush with legal conclusions but short on facts." *DeCastro v. Hot Springs Neurology Clinic, P.A.*, 107 F.4th 813, 816 (8th Cir. 2024).

5

Parker's own allegations about the failed sale support dismissal. According to the complaint, Casarez refused to complete the transaction because the encounter between Parker and McCartney became disruptive. That race-neutral explanation undercuts Parker's § 1981 claim because, without plausibly tying the refusal of service to race, she cannot satisfy § 1981's but-for causation requirement. *See Comcast*, 589 U.S. at 341.

Even apart from that fatal defect, Parker's remaining allegations still fall short. Parker characterizes both McCartney's request for identification and his later statement that she "smelled like weed" as race-based, but both allegations fail for the same reason. Parker fails to offer sufficient "allegations or facts" to support a reasonable inference that his conduct was based on her race. *Yang*, 79 F. 4th at 962. Instead, she relies solely on her own "speculative and unsupported" inferences. *Id.* The identification request reflects only a one-time difference in treatment, and the "smelled like weed" remark is race-neutral on its face. Without more, Parker's complaint is merely conclusory, "stop[ping] short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557 (second alteration in original).

Because Parker fails to state a claim against McCartney, any claim against Casey's necessarily fails as well. Without a predicate § 1981 violation by McCartney, Casey's has no underlying conduct to ratify, condone, or fail to address.

### D.    The Remaining State-law Claims

With Parker's § 1981 claim dismissed, only her Nebraska state-law claims remain. Although the defendants removed this action to federal court based on the § 1981 claim, the dismissal of that claim eliminates the sole basis for original federal jurisdiction, and the Court therefore considers whether to exercise supplemental jurisdiction over the remaining claims. *See Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Supplemental jurisdiction permits a federal court to adjudicate state-law claims that are sufficiently related to claims within the Court's original jurisdiction. *See* 28 U.S.C.

6

§ 1367; *United Mine Workers of Am. v. Gibbs*, 383. U.S. 715, 725 (1966). Here, Parker's remaining claims arise from the same incident underlying her § 1981 claim, so the Court has statutory authority to exercise supplemental jurisdiction over the state-law claims under § 1367(a). However, federal district courts have discretionary power to decline the exercise of supplemental jurisdiction, keeping in mind the factors of judicial economy, convenience, fairness, and comity with state-courts. *Gibbs*, 383 U.S. at 726; *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016).

The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Eighth Circuit does not require a particular result, but it has found that where a district court has made a "substantial investment of judicial time and resources" in the state-law claims, retaining supplemental jurisdiction may be appropriate in the exercise of discretion. *Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir. 1994) (quoting *North Dakota v. Merchants Nat'l Bank & Trust Co.*, 634 F.2d 368, 371 (8th Cir. 1980)).

In this case, the sole federal claim is dismissed at the pleading stage, and nothing distinguishes it from the "usual" one contemplated by *Cohill*. With the discretionary factors in mind, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and remands Parker's state-law claims to the District Court of Douglas County, Nebraska.

IT IS ORDERED:

1. Defendants Casey's, Casarez, Wulf, and McCartney's Amended Motion to Dismiss (Filing No. 7) is granted as to Plaintiff's claim under 42 U.S.C. § 1981 (Count II).

2. The Court dismisses Count II of Parker's Complaint.

3.   The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims (Counts I, III, IV, and V) pursuant to 28 U.S.C. § 1367(c)(3).

4.   The Court directs the Clerk of Court to remand those claims to the District Court of Douglas County, Nebraska.

Dated this 8th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge